**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**CAROL PLESS,**

                                 **Plaintiff,**

v.                                                                                     **01-CV-0792(Sr)**

**CLEVELAND WRECKING COMPANY,**

                                 **Defendant.**

---

## DECISION AND ORDER

In accordance with 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct all further proceedings in this case, including entry of final judgment. Dkt. #33.

Currently before the Court is defendant's motion to preclude expert testimony from Donald Zimmer, Ernest J. Gailor or Thomas A. Scime and for an award of costs and attorney fees for the depositions of Donald Zimmer, on the ground that he is an impalpably improper candidate for expert testimony, and Ernest J. Gailor, whose testimony is alleged to be cumulative of Mr. Scime. Dkt. #141. For the following reasons, defendant's motion is denied.

### Donald Zimmer

Cleveland Wrecking argues that Donald Zimmer's proposed opinion testimony must be precluded because it is *ipse dixit*. Dkt. #143, pp.6-17.

"It is a well-accepted principle that Rule 702 [of the Federal Rules of Evidence] embodies a liberal standard of admissibility for expert opinions, representing a departure from the previously widely followed, and more restrictive, standard of *Frye v. United States*." *Nimely v. City of New York*, 414 F.3d 381, 395 (2d Cir. 2005). The Rule provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 incorporates the principles enunciated in *Daubert v. Merrell Dow Pharmaceuticals* and *Kumho Tire Co., Ltd v. Carmichael*, which requires courts to perform a "gatekeeping" function to ensure that any evidence based on scientific, technical or other specialized knowledge is not only relevant, but reliable.  509 U.S. 579 (1993); 526 U.S. 137 (1999).  "The reliability requirements do not preclude an expert from testifying on the basis of experience alone or in conjunction with other knowledge, training, skill, or education." *Figueroa v. Boston Scientific Corp.*, 254 F. Supp.2d 361, 365 (S.D.N.Y. 2003); *see McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1043 (2d Cir. 1995).  However, "opinion evidence that is connected to existing data only by the ipse dixit of the expert" should not be admitted.  *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

Mr. Zimmer has been a member of Bricklayers Local 45 for 47 years and has worked on numerous bricklaying construction projects in Western New York in the

capacity of general foreman, foreman and journeyman bricklayer. Dkt. #142, Exh. C, ¶¶ 1-2. In addition, Mr. Zimmer spent five years as an instructor in the bricklayer's apprentice program. Dkt. #142, Exh. C, ¶ 2. Mr. Zimmer testified that approximately 50% of first year apprentices complete the four year program, which requires both classroom instruction and a certain number of hours of on-the-job training, to become journeymen bricklayers. Dkt. #142, Exh. A, pp.10, 27-28. Mr. Zimmer explained that individuals dropped out of the program for a variety of reasons, including a lack of contractors willing to take on apprentices. Dkt. #142, Exh. A, pp.11-12. Mr. Zimmer also testified that bricklaying is physically demanding, requiring bricklayers to bend over, pick up and lay approximately 800-1,000 bricks, each weighing approximately five pounds, per day. Dkt. #142, Exh. A, p.12. If the project requires blocks, the weight increases to between fifteen and sixty pounds per block. Dkt. #142, Exh. A, pp.12-13.

Mr. Zimmer interviewed plaintiff and instructed her for three weeks of the initial four week course. Dkt. #142, Exh. C, ¶¶ 6-7; Dkt. #142, Exh. A, p.17. Mr. Zimmer testified at his deposition that plaintiff's performance during these three weeks was "about average" and that plaintiff "was physically capable of doing what I asked her to do." Dkt. #142, Exh. A, p.20 & Exh. B, p.25. Specifically, Mr. Zimmer recalled that plaintiff "was doing pretty good" with the skills required for bricklaying, *to wit*, handling and spreading the mortar and buttering the joints on the end of the brick. Dkt. #142, Exh. B, pp.25, 33-35. Mr. Zimmer recalled that plaintiff informed the school that she was not going to complete the last week of class, or pursue the bricklaying trade, because she was having problems with her back and needed surgery. Dkt. #142, Exh. A, pp.17-18.

Mr. Zimmer believes that plaintiff's "previous experience as a laborer would have contributed to her future success as a bricklayer." Dkt. #142, Exh. A, p. 30

& Exh. C, ¶ 8.  He also believes that plaintiff possessed the physical stature to perform heavy lifting.  Dkt. #142, Exh. A, pp.29-30.  He was not aware of plaintiff's alleged pre-existing medical condition.  Dkt. #142, Exh. A, p.29.  Mr. Zimmer intends to opine that "even though Ms. Pless had completed only three weeks of the course before she was forced to leave for back surgery," she "would have successfully completed the bricklayer apprentice program and would have become a successful bricklayer."  Dkt. #142, Exh. C, ¶ ¶ 7, 9.  Mr. Zimmer bases this opinion on his experience and observation of other apprentices during his years as an instructor and bricklayer.  Dkt. #142, Exh. C, ¶ 9.

The Court finds no basis for precluding the testimony of Mr. Zimmer.  Mr. Zimmer is an experienced bricklayer and instructor who personally interviewed and instructed plaintiff.  He should be permitted to testify as to his observations of plaintiff's skills and his opinion as to her suitability for the profession based upon his knowledge of her background and observation of her performance.  However, given Mr. Zimmer's recognition of his inability to account for other factors impacting an individual's ability to complete the apprenticeship program, *e.g.*, the availability of work and the individual's physical condition, this Court agrees that Mr. Zimmer's opinion that plaintiff "would have successfully completed the bricklayer apprentice program and would have become a successful bricklayer," is completely speculative and therefore, inadmissible.

**Ernest J. Gailor and Thomas A. Scime**

Cleveland Wrecking argues that plaintiff's proposed liability experts, Ernest J. Gailor and Thomas A. Scime, should be precluded because their testimony would usurp the role of judge and jury and would not assist the trier of fact to understand the evidence or determine a fact in issue.  Dkt. #143, pp.17-23.

Specifically, Cleveland Wrecking argues that they adopt plaintiff's factual allegations and purport to testify as to the ultimate legal conclusions to be drawn from those facts and instruct the jury as to the Labor Law and Industrial Code.  Dkt. #143, pp.17-23.

Rule 704 of the Federal Rules of Evidence provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."  However, experts may not offer opinions embodying legal conclusions.  *United States v. Scop*, 846 F.2d 135, 139 (2d Cir. 1988).  In other words, an expert may opine on an issue of fact within the jury's province, but may not give testimony stating ultimate legal conclusions based on those facts.  *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir.), *cert. denied*, 502 U.S. 813 (1991).  For example, an expert may not testify that a defendant in a personal injury action was negligent.  *Andrews v. Metro N. Commuter R.R. Co.*, 882 F.2d 705, 709 (2d Cir. 1989).  An expert may testify concerning the ordinary practices within an industry so as to enable the jury to evaluate a defendant's conduct against the standards of accepted practice.  *Bilzerian*, 926 F.2d at 1295; *see Primavera Familienstifung v. Askin*, 130 F. Supp.2d 450, 529 (S.D.N.Y. 2001) ("it is proper for an expert to testify as to the customs and standards of an industry, and to opine as to how a party's conduct measured up against such standards."), *citing Marx & Co., Inc. v. Diners' Club Inc.*, 550 F.2d 505, 509 (2d Cir.), *cert. denied*, 434 U.S. 861 (1977).  It is also inappropriate for an expert to opine on the credibility of the witnesses.  *Nimely*, 414 F.3d at 397; *see Scop*, 846 F.2d at 142 ("The credibility of witnesses is exclusively for the determination by the jury, and witnesses may not opine as to the testimony of other witnesses at the trial.").  In sum, an expert may not "usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it."  *United States v. Lumpkin*, 192 F.3d 280, 289 (2d Cir. 1999).

**Thomas Scime**, a former safety and compliance inspector for the United States Occupational Safety and Health Administration ("OSHA"), former construction safety inspector for the New York State Department of Labor, and former instructor of OSHA officers and trainers, submitted an affidavit based upon his review of photographs and diagrams of the scene of plaintiff's accident and plaintiff's deposition testimony. Dkt. #142, Exh. F, ¶¶ 5, 6, 8, 14. Mr. Scime opines that the wooden walkway upon which plaintiff alleges to have slipped was a passageway, runway or temporary road under the applicable Industrial Code regulations. Dkt. #142, Exh. F, ¶ ¶ 17, 22. Mr. Scime also opines that

> As a Construction Safety Inspector for the New York State Department of Labor, if I would have observed the construction and configuration of the wooden walkway utilized by Empire Demolition on the ECMC job I would have issued a citation on the spot and instructed them to correct the violations of Rule 23 of the Industrial Code that I had observed.

Dkt. #142, Exh. F, ¶ 15. Specifically, Mr. Scime opines that the "the failure to properly maintain the passageway, runway and roadway free of dirt, debris, oil and water properly is a violation of the New York State Industrial Code Rules" and that the "runway should have been made of 3 inch thick planking rather than 2 inch planking to prevent flexing and bouncing of the runway." Dkt. #142, Exh. F, ¶ 20.

**Ernest J. Gailor** submitted an accident report based upon his review of plaintiff's deposition testimony and marked exhibits; Joseph Seneca's statement and deposition testimony; and Carlos Robinson's interview and deposition. Dkt. #142, Exh. G. In his analysis of the construction of the plank walkway, Mr. Gailor described the following:

> There are two manners of plank walkway construction described in this matter. Both versions violate Labor Law § 200 and 241(6) along with several code violations. Under

-6-

> Ms. Pless' version, the planks are placed side by side in a
> "corduroy road" style.  Under Mr. Seneca's version, the
> planks are placed end to end creating two narrow runways
> for the cherry picker.  Under both versions, the planks
> creating the path are unsecured, laden with debris and
> foreign substances including nails, and of insufficient
> thickness according to the appropriate New York State Code
> Rule Regulation.  While I have had experience with paths
> made in both manners, it is my professional opinion that the
> "corduroy" path or method was much more feasible under
> the conditions described.
>
> If two narrow runways were created under Seneca's version
> with unsecured scrap lumber which had nails protruding
> from the ends, the tires of the cherry picker would have been
> punctured as the machine rolled over the narrow runway.
> With two narrow runways, the planks are laid end to end
> without being secured to each other.  With this method, the
> planks would have kicked up into the air as the weight of the
> cherrypicker's wheels rolled over the end of each plank.  The
> "corduroy road" style path, while still unsafe in the manner in
> which it was constructed, would have allowed the
> cherrypicker to cross without flattening its tires or kicking the
> planks into the air.  Under either version of the facts, Ms.
> Pless was engaged in the creation of a path or runway that
> was unsafe.  She was injured because of the path or
> runway's failure to conform to the minimum safe standards
> of the New York State Industrial Codes Rules and OSHA.

Dkt. #142, Exh. G.  As a result of this condition, Mr. Gailor states that it is his professional opinion that Cleveland Wrecking violated Labor Law § 241(6) as evidenced by, *inter alia*, Industrial Code Rule § 23-1.7(d) "because it allowed the use of the slippery walkway on which Ms. Pless slipped and fell" and Industrial Code Rule § 23-1.22(b) "because Ms. Pless was injured on a walkway that was unsecured and too narrow for safe access."  Dkt. #142, Exh. G.  Mr. Gailor states that it is his professional opinion

> that it is unsafe and violative of construction industry custom
> and practice to require workmen to utilize single planks as
> walking surfaces.  Wide planking or other secure and stable

surfaces should be provided to workmen to avoid the hazards of slipping and tripping.

Dkt. #142, Exh. G. Mr. Gailor also opines that Cleveland Wrecking's "failure to detect and eliminate the slippery surface and to properly fasten, brace or block the planking to eliminate the shifting of the uneven working surface at this site created a dangerous condition that was a cause of Pless's accident." Dkt. #142, Exh. G.

Mr. Scime and Mr. Gailor's reports demonstrate that they possess relevant, reliable information to impart to the jury regarding the Industrial Code requirements for proper construction and maintenance of a pathway for construction machinery, and sufficient experience to opine whether the pathway at issue in this case complied with these industry standards. However, they shall not be permitted to opine that the violation of the Industrial Codes caused plaintiff's injury or constitutes a violation of Labor Law § 241(6), as those opinions embody legal conclusions.

## CONCLUSION

For the foregoing reasons, defendant's motion to preclude expert testimony from Donald Zimmer, Ernest J. Gailor or Thomas A. Scime is **DENIED**. Dkt. #141.

**SO ORDERED.**

DATED:   Buffalo, New York
         September 18, 2006

                                        S/ H. Kenneth Schroeder, Jr.
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**